**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4702**

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOHN CALVIN BAKER,

                              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00223)

Submitted: February 22, 2007        Decided:  February 28, 2007

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Andrew Jennings, LAW OFFICE OF W. ANDREW JENNINGS, Hickory, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Calvin Baker appeals from his 152-month sentence imposed following his guilty plea to possession with intent to distribute methamphetamine and possession of a firearm during and in relation to a drug trafficking offense. Baker's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but addressing the reasonableness of Baker's sentence. Baker has filed a pro se supplemental brief, arguing that there was insufficient evidence to support the firearm conviction and that his sentence was in violation of the Sixth Amendment. Our review of the record discloses no reversible error; accordingly, we affirm Baker's convictions and sentence.

We find that Baker's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Baker was properly advised of his rights, the offenses charged, and the mandatory minimum and maximum sentences for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

In his supplemental brief, Baker argues that there was insufficient evidence to support his conviction for the firearm

offense. However, because Baker knowingly and voluntarily pled guilty to that offense, the government was not required to present evidence.

Although Baker pled guilty and admitted his offense conduct, his sentence was not reduced for acceptance of responsibility because, following his guilty plea, he violated the terms of his release by leaving his residence without permission. We find that the district court properly applied the Sentencing Guidelines and considered the relevant sentencing factors before imposing the 152-month sentence. 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that the sentence imposed was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.) ("[A] sentence imposed within the properly calculated [g]uidelines range . . . is presumptively reasonable.") (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2309 (2006).

Baker's pro se brief also asserts that his sentence is in violation of the Sixth Amendment because the drug amount was not found by a jury or stipulated by him. To the contrary, in his plea agreement, Baker did stipulate to the amount of actual methamphetamine from which his offense level was determined. The district court properly determined Baker's offense level and correctly applied the resulting guideline range as advisory. See

<u>United States v. Booker</u>, 543 U.S. 220 (2005).  Accordingly, we affirm Baker's sentence.

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Baker's convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -